```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

SERONO INC.,                   )
     Plaintiff,                )
                               )
     v.                        )    C.A. No. 02-11832-MLW
                               )
FERRING PHARMACEUTICALS, INC.  )
     Defendant.                )
```

                                ORDER

WOLF, D.J.                                              May 26, 2004

    This court held a claim construction hearing on May 25 and May 26, 2004. See Markman v. Westview Instruments, Inc., 517 U.S. 370, 388-90 (1996). The parties disputed three issues in the interpretation of the claims in United States Patent No. 4,589,402 ("the '402 patent") and United States Patent No. 4,845,077 ("the '077 patent"). This hearing was conducted at an early stage in the case, prior to any motion for summary judgment. Therefore, it is particularly appropriate to note that the court's interpretation of these claims may evolve as the case progresses and the court is educated further about or provided expert testimony on the technology in question. See Jack Guttman, Inc. v. Kopykake Enterprises, Inc., 302 F.3d 1352, 1361 (Fed. Cir. 2002) ("District courts may engage in a rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves.")

    For the reasons described in detail in court on May 26, 2004, it is hereby ORDERED that:

   1.  The phrases "FSH alone ... without the presence of exogeneous LH" in Claim 1 of the '402 patent and "FSH ... in the absence of exogeneous LH" in Claims 1 and 8 of the '077 patent are, as agreed by the parties, construed to have the same meaning.  The court construes this language to mean that "the substance contains no LH that would have been detectable by any test that would have been used or relied upon by a person of ordinary skill in the art in 1984."

   2. The phrase "A method of suppressing estrogen variability in response to gonadotropin treatment" in Claim 13 of the '077 patent is construed to mean: "a method of limiting variation in estrogen levels in response to gonadotropin treatment."  The court finds that this preamble language does not serve as a limitation on the claim.

   3. The phrase "administration of a gonadotropin preparation consisting essentially of ... FSH and LH in combination" in Claim 14 of the '077 is, as agreed by the parties, construed to mean: "administration of a gonadotropin preparation containing both FSH and LH with no other ingredient which affects the functionality of that combination in connection with a gonadotropin hormone treatment."

   4. The parties shall order the transcripts of the May 25, 2004

and May 26, 2004 hearings.

                                                                         /s/ Mark L. Wolf
                                            UNITED STATES DISTRICT JUDGE